UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN HOUSTON,

      Plaintiff,

v.                         Case No. 8:24-cv-02243-JSM-NHA

CAPE HAZE TAVERN, LLC,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

After a default judgment was entered in his favor, Plaintiff moves to recover the $11,080.00 attorney's fee and $1,681.10 in costs he spent in prosecuting this case. Doc. 47. I respectfully recommend that the Court grant the motion.

### I.    Background

Defendant operates a restaurant. Compl. (Doc. 1) ¶ 1. Defendant hired Plaintiff as a server in April 2023. *Id.* ¶ 11.

On July 28, 2023, Plaintiff had trouble seeing out of one of his eyes and notified Defendant that he would miss a scheduled shift to seek medical care. *Id.* ¶¶ 12, 13. Plaintiff was diagnosed with optic neuritis[1] and "briefly

---

[1] According to the Mayo Clinic "Optic neuritis occurs when swelling (inflammation) damages the optic nerve." https://www.mayoclinic.org/disea ses-conditions/optic-neuritis/symptoms-causes/syc-20354953

hospitalized." *Id.* ¶ 14. Upon discharge from the hospital, a peripherally inserted central catheter (PICC) line remained in Plaintiff's upper arm, to continuously administer penicillin. *Id.* ¶ 16.

Plaintiff told Defendant that he was medically cleared to return to work on August 15, 2023, but Defendant requested that he not work until his PICC line was removed. *Id.* ¶ 17. Later, Defendant offered Plaintiff the option to work as a dishwasher, rather than a server, while the PICC line remained in place. *Id.* ¶ 19. Plaintiff replied that he could not accept the accommodation, because his PICC line bandage could not get wet. *Id.* ¶ 20. Plaintiff informed Defendant that he had a right to continue working as a server, showing Defendant's management an EEOC employee rights poster that explained the statutory protections provided to workers with disabilities and, later, producing medical documentation confirming he could "work without restriction." *Id.* ¶¶ 21, 22. Defendant did not place Plaintiff back on the schedule. *Id.* ¶ 24.

Plaintiff informed Defendant that his PICC line had been removed on August 25, 2023, and asked to be placed back on the schedule. *Id.* ¶ 25. He asked again the next day. *Id.* ¶ 27. Management responded, "I spoke with the powers last night and the reasons [for your termination] were basically you don't threaten to sue and keep your job. It was assumed that you quit by that."

*Id.* ¶ 27.  Plaintiff maintained he continued to seek shifts with Defendant but was denied. *Id.* ¶ 28.

Plaintiff brought this action on September 24, 2024. Compl. (Doc. 1). Plaintiff asserted two claims—one for disability discrimination (based on Defendant's failure to allow Plaintiff to return to work after he was medically cleared to do so) and one for retaliation (based on Defendant terminating Plaintiff after he asserted his rights under EEO laws). *Id.* Defendant timely answered. Doc. 12. However, shortly thereafter, on December 16, 2024, Defendant's counsel withdrew, leaving Defendant (an LLC) without counsel. Doc. 20. The District Court gave Defendant 60 days to retain new counsel (*id.*), but Defendant failed to do so (Doc. 25).  As a result, the Court granted a motion for Clerk's default against Defendant. Docs. 25, 27.

Plaintiff then moved for entry of a final default judgment, seeking $14,400.00 in back pay, $14,400.00 in compensatory damages, $15,000.00 in punitive damages, a $7,480.00 attorney's fee, and $1,681.10 in costs. Doc. 29. The Court was satisfied that Plaintiff's pleadings—which Defendant admitted through default—sufficiently stated facts supporting claims for disability discrimination and retaliation. Docs. 39, 41. But the Court held a hearing on the motion for default judgment to determine whether or what damages, fees, and costs should be awarded. Doc. 36.

Following the hearing, the Court found Plaintiff failed to support the damages he requested. Doc. 39, pp. 17–30 (adopted at Doc. 41).

In addition, and relevant to the present motion, Plaintiff presented evidence that arguably undermined Plaintiff's discrimination claim. Plaintiff introduced text messages suggesting that Defendant did not preclude Plaintiff from working as a server due to his disability but because Defendant did not know whether, and was concerned that, "the IV and medicine attached to [Plaintiff's] body pose[d] a health risk[] [to customers] while serving food in a commercial restaurant to the public." Comp. Ex. B (Doc. 37-2) pp. 8–9. The Court noted that, while a prevailing plaintiff would be entitled to an attorney's fee and costs "in all but special circumstances," *Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 412 (1978), the text messages concerning the real reason for Plaintiff's termination might represent "special circumstances." Doc. 39 pp. 31–32 (adopted at Doc. 41).

Accordingly, after the Court partially granted Plaintiff's motion for default judgment—granting judgment in Plaintiff's favor on his discrimination (Count I) and retaliation (Count II) claims and awarding him damages totaling $5,292.11, plus post-judgment interest (Doc. 41)—the Court ordered Plaintiff to "file a supplemental motion for an attorney's fee and costs . . . that (a) complies with the requirements of Federal Rule of Civil Procedure 54 and Local Rule 7.01; (b) updates the [requested amount]; and (c) briefs whether

'special circumstances' preclude an award . . .  given that the text messages presented at the damages hearing cast doubt on the merits of this lawsuit." Doc. 41. Plaintiff responded to the order with the present motion. Doc. 47.

The motion requests an $11,080.00 attorney's fee and $1,681.10 in costs (including $1,200 in mediation fees), for a combined award of $12,761.10. Doc. 47. Additionally, Plaintiff argues that the Eleventh Circuit has only identified four situations that amount to "special circumstances" rendering the award of an attorney's fee unjust, none of which are present here. Doc. 47.

## II.   Analysis

### a.  Special Circumstances Do Not Preclude a Fee Award

In an ADA action, a court "in its discretion," may award "a reasonable attorney's fee, including litigation expenses, and costs" to the prevailing party. 42 U.S.C. § 12205. The Supreme Court has established standards governing a court's discretion in awarding fees under a fee-shifting statute. *See Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978). While *Christianburg* involved a Title VII claim, its holding has been applied in cases involving other statutes providing for a discretionary fee award, including civil rights cases under Sections 1981, 1983, and 1985 of Chapter 42 of the United States Code, as well as the ADA. *See Mid-Hudson Legal Servs., Inc. v. G & U, Inc.*, 578 F.2d 34, 38 (2d Cir. 1978) (applying *Christianburg* to civil rights claims); *Bruce v. City of Gainesville*, 177 F.3d 949, 951–52 (11th Cir.

1999) (applying *Christiansburg* standard in ADA suit); *see also Maloney v. City of Marietta*, 822 F.2d 1023, 1025 n.2 (11th Cir. 1987) ("Both the Supreme Court and this court have acknowledged that the fee award provisions of the Voting Rights Act, the Civil Rights Act of 1964, and 42 U.S.C. § 1988 are similar in language and purpose; therefore, the standards for awarding fees should be generally the same under all these provisions.").

Pursuant to *Christiansburg*, under these statutes, a prevailing plaintiff "should ordinarily be awarded attorney's fees in all but special circumstances." *Bruce*, 177 F.3d at 951. "Courts have universally recognized that this 'special circumstances' exception is very 'narrowly limited.'" *Doe v. Bd. of Educ. of Baltimore Cnty.*, 165 F.3d 260, 264 (4th Cir. 1998); *see also Love v. Deal*, 5 F.3d 1406, 1410 (11th Cir. 1993) ("Because the special circumstances exception is a judicially created concept, we have held that it should be construed narrowly so as not to interfere with the congressional purposes behind the fee award statutes.").

In the Eleventh Circuit, there are only four situations that qualify as "special circumstances" warranting the denial of an attorney's fee:

> (1) where the plaintiff's action asserted essentially a private tort claim for money damages, (2) where the plaintiff was not instrumental in achieving the remedy sought, (3) where plaintiffs challenged an antiquated, rarely enforced statute, and (4) where the plaintiff through a settlement or consent order agreed to compromise his right to pursue subsequent fees.

*Love,* 5 F.3d at 1410 (citing *Maloney v. City of Marietta,* 822 F.2d 1023, 1025 (11th Cir. 1987)) ("Noticeably absent from this list is the reason advanced by the district court . . . . Accordingly, we hold that the district court abused its discretion in finding that this case presented special circumstances warranting the denial of attorney's fees."); *see also Maloney,* 822 F.2d at 1027 ("Nowhere is the particular race or gender of the plaintiff mentioned as a special circumstance which alone would justify the denial of attorney's fees."). The losing party generally bears the burden of proving a special circumstance. *Crowder v. Hous. Auth. of Atlanta,* 908 F.2d 843, 844 (11th Cir. 1990).

As a threshold matter, Defendant has not appeared in this action to prove any special circumstances. In the absence of any showing to the contrary, it does not appear that any of the four special circumstances is present here. First, Plaintiff's claim was not "essentially a private tort claim," because the claim would not have existed outside of the ADA. *Compare Zarcone v. Perry,* 581 F.2d 1039 (2d Cir. 1978) (finding exception applied because the plaintiff sued under § 1983, but what happened to him was, at its core, the common law torts of intentional infliction of emotional distress and false imprisonment, which existed outside of the civil rights statute). Second, Plaintiff was necessary to win his suit; the claim involved actions taken directly against him, he brought the complaint, and he testified at the damages hearing. Third, the ADA is not an "antiquated, rarely enforced statute." And, finally, there is no

settlement here that precludes a fee award. Because none of these circumstances is present here, I recommend that the District Court award Plaintiff an attorney's fee.

   b. Award Calculation

I turn next to whether Plaintiff's request for an attorney's fee, expenses, and costs is reasonable. *See* 42 U.S.C. § 12205.

   1. Attorney's Fee.

A court determines whether an attorney's fee is reasonable by multiplying the number of hours reasonably expended on the litigation by the prevailing market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation.[2] *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983); *Norman v. Housing Auth.*, 836 F.2d 1292, 1299 (11th Cir. 1988). In considering rates, "[t]he court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without

---

[2] In calculating the "lodestar," as this is called, the Court "presumptively includes" consideration of factors (called the *Johnson* factors) that inform reasonableness of an hourly rate. *Norman*, 836 F.2d at 1299. These factors include the customary fee for the work in the community, the experience of the attorney(s), and the results obtained. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). "Although *Johnson v. Georgia Highway Express* involved the setting of an attorneys' fee award under Title VII, it is recognized as a broad precedent which is generally applicable in other fee-setting contexts." *Watford v. Heckler*, 765 F.2d 1562, 1565 n.3 (11th Cir. 1985)

the aid of witnesses as to value." *Norman*, 836 F.2d at 1303. The court may then adjust the lodestar upward or downward based on various factors, including the degree of success the plaintiff ultimately achieved. *Hensley*, 461 U.S. at 435–36.

Here, Plaintiff's counsel, Christopher Fennell and Travis Beal, state broadly that they "are experienced employment and civil-rights attorneys practicing in this District." Doc. 47, p. 3. Mr. Fennell was admitted to the bar in 2014 and Mr. Beal in 2013, giving each over ten years of experience. *See* Member Profiles, The Florida Bar, *available at* https://www.floridabar.org/directories/find-mbr/profile/?num=113546 and https://www.floridabar.org/directories/find-mbr/profile/?num=104890. They seek an hourly rate of $400.00. Doc. 47 p. 3.

Plaintiff's Motion does not include any information on the prevailing market rate in this community for lawyers of similar skill and experience. Plaintiff offers no evidence of rates charged for similar lawsuits. Instead, Plaintiff broadly contends that, based on counsel's experience and the prevailing market rates in the Tampa Division for comparable employment matters, $400.00 per hour is a reasonable rate. *Id.*

Here, the Court may rely on its own knowledge and experience concerning reasonable fees to form an independent judgment on the matter. *Norman,* at 1303. In doing so, the Court finds that the requested $400 hourly

rate is consistent with prevailing market rates for experienced employment attorneys such as Plaintiff's counsel. *See also Ciapara v. Newline W P Services, Inc.*, No. 6:22-CV-929-RBD-LHP, 2023 WL 5985783, at \*9 (M.D. Fla. Aug. 15, 2023) (approving $400.00 per hour for an attorney with over ten years of employment law experience), *report and recommendation adopted*, 2023 WL 5983804 (M.D. Fla. Sept. 14, 2023); *see also Mod. Silicone Techs., Inc. v. Zip Top, LLC*, No. 8:23-CV-994-JSM-CPT, 2024 WL 4803685, at \*3 (M.D. Fla. Mar. 8, 2024) (reducing hourly rate in a simple breach of contract claim to $400.00 based on the Court's own experience in the absence of supporting market rate evidence).

Plaintiff's attorneys seek a fee for 27.7 hours of work,[3] which includes time spent at the administrative stage (before the Equal Employment Opportunity Commission) rebutting a position statement; preparing for and attending a pre-suit mediation; and litigating before this Court, which required researching the law, drafting the complaint, drafting the motion for final default judgment, preparing for and attending an evidentiary hearing, and drafting supplemental briefing at the Court's request. *See* Doc. 47-1.

---

[3] The ledger does not include any paralegal or administrative time.

As to the hours expended, the Court finds that they, too, are reasonable and recoverable. First, courts have found that an attorney can recover, in the district court, his fee for time spent in administrative proceedings. *Gruttemeyer v. Transit Auth.*, 31 F.4th 638, 650 (8th Cir. 2022) (interpreting Section 12205 of the ADA, which states that "[i]n any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee," to allow this result); *Cf. North Carolina Dept. of Transp. v. Crest Street Community Council, Inc.*, 479 U.S. 6, 15 (1986) (explaining that a court may award an attorney's fee for time "spent on administrative proceedings to enforce the civil rights claim prior to the litigation"); N*ew York Gaslight Club, Inc. v. Carey*, 447 U.S. 54, 56 (1980) (holding that courts may allow the prevailing party attorney's fees for legal services performed in prosecuting an employment discrimination claim in state administrative and judicial proceedings that Title VII requires federal claimants to invoke).

Second, as to the pre-suit mediation, the Supreme Court has held that work not explicitly required by the litigation is recoverable, at the discretion of the district court, when the work is "useful and of a type ordinarily necessary to secure the final result obtained from the litigation." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 561 (1986), *supplemented*, 483 U.S. 711 (1987) (internal quotations and citation omitted).

Under this standard, I find the attorney time expended on pre-suit mediation to be recoverable. Pre-suit mediation is useful in requiring the parties to come together to share–and narrow–their positions and to exchange relevant facts and documents that inform the strength of each party's case.

Finally, I find the tasks on which counsel expended time in the litigation—researching, drafting, appearing in court—to be necessary, and the time spent on those tasks to be reasonable.

In sum, based on my knowledge of the case and a review of the records, I find that the 27.7 hours Plaintiff's counsel expended before and during the litigation to be reasonable.

Multiplying the reasonable number of hours expended by Plaintiff's counsel (27.7) by the reasonable hourly rate ($400), I recommend that the Court award Plaintiff an attorney's fee in the amount of $11,080.00.

> 2. Costs.

The ADA authorizes an award of litigation expenses under 42 U.S.C. § 12205. "Section 12205's allowance of litigation expenses . . . includes expenditures for items that are related to the advancement of the litigation." *Hansen v. Deercreek Plaza, LLC*, 420 F. Supp. 2d 1346, 1354 (S.D. Fla. 2006) (internal quotations and citations omitted); *see also Robins v. Scholastic Book Fairs*, 928 F. Supp. 1027, 1037 (D. Or. 1996), *aff'd sub nom. Robins v. Scholastic Book Fairs, Inc.*, 116 F.3d 485 (9th Cir. 1997) (under "§ 12205,

Plaintiff is entitled to all necessary litigation expenses, so long as they are not overhead expenses absorbed by counsel."). Thus, in addition to covering the costs that are taxable in non-ADA litigation (e.g., filing fee, fees for transcripts, fees for lay witnesses, fees for copying and printing, *see* 28 U.S.C. § 1920), the ADA allows a prevailing party to recover fees for additional litigation expenses, such as expert witness fees, PACER fees, and mediation fees. *Herrera v. APQ Coconut Grove FL, LLC*, 794 F.Supp.3d 1280, 1299 (S.D. Fla. 2025); *Barberi v. Pio Pio Cuba, Corp.*, No. 25-CV-22378, 2025 WL 3151953, at *7 (S.D. Fla. Nov. 12, 2025); *Hansen v. Deercreek Plaza, LLC*, 420 F. Supp. 2d 1346, 1355 (S.D. Fla. 2006).

The Eleventh Circuit, in analyzing an analogous fee-shifting provision of the Civil Rights Act (42 U.S.C. § 1988), remarked that "with the exception of routine office overhead normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs." *Dowdell v. City of Apopka, Florida,* 698 F.2d 1181, 1192 (11th Cir. 1983).

Here, Plaintiff seeks $1,681.10 in costs, comprised of a $405 filing fee, $76.10 service of process fees, and a $1200 pre-suit mediation fee. Doc. 47-1. The filing and service of process fees are recoverable under 42 U.S.C. § 12205. *See Caplan v. Mallory*, No. 19-62103-CIV, 2021 WL 883493, at *5 (S.D. Fla.

Feb. 26, 2021), *report and recommendation adopted*, No. 19-62103, 2021 WL 879198 (S.D. Fla. Mar. 9, 2021) (finding filing fees and service fees "are . . . generally reasonable costs in the 'advancement of litigation' under § 12205."). As to the pre-suit mediation fee of $1,200.00, courts have found that mediation fees are recoverable as litigation expenses under the ADA. *See, e.g., Hansen v. Deercreek Plaza, LLC*, 420 F. Supp. 2d 1346, 1355 (S.D. Fla. 2006); *Judy v. Edison Park Plaza Ctr., LLC*, No. 2:18-CV-693-FTM-29UAM, 2019 WL 2511590, at *3 (M.D. Fla. June 18, 2019) (finding a $375.00 mediation fee recoverable as a non-taxable expense); *Gettes v. Carrollwood Vill. Exec. Ctr., LLC*, No. 8:16-CV-829-T-23TBM, 2016 WL 6782779, at *4 (M.D. Fla. Oct. 28, 2016) (concluding that a mediation cost of $1,125.00 is reimbursable under 42 U.S.C. § 12205 and should be awarded to plaintiffs), r*eport and recommendation adopted*, No. 8:16-CV-829-T-23TBM, 2016 WL 6729750 (M.D. Fla. Nov. 15, 2016). Indeed, under the Eleventh Circuit's guidance, and for the reasons set forth above, the cost of pre-suit mediation was a reasonable, non-overhead expense "incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case." *Dowdell v. City of Apopka, Florida,* 698 F.2d 1181, 1191-92 (11th Cir. 1983). Thus, the costs are recoverable as expenses.

Accordingly, I recommend the Court award $1,681.10 in costs.

### III.   <u>Conclusion</u>

For the reasons stated above, I respectfully RECOMMEND that the Court:

1. Grant Plaintiff's motion for an attorney's fee and costs; and

2. Direct the Clerk to amend the judgment to reflect an additional award to Plaintiff and against Defendant of $12,761.10, comprised of $11,080.00 for attorney time and $1,681.10 in costs.

SUBMITTED for consideration on May 12, 2026.

NATALIE HIRT ADAMS
United States Magistrate Judge

NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.